Zabriskie *v.* Vreeland.

JOHN J. ZABRISKIE *vs.* WILLIAM C. VREELAND and others.

It would be contrary to the practice of this court to dissolve an injunction in a case in which, while the answer of the defendant, who has been restrained, denies the equity of the bill, the answers of other defendants, who are the parties most interested in the subject matter of suit, admit every material allegation on which relief is claimed.

*A. O. Zabriskie,* for motion.

*A. S. Pennington* and *William Pennington,* contra.

THE CHANCELLOR. The bill is filed to compel the defendant, William C. Vreeland, specifically to perform an agreement in writing, which it is alleged was made between him and the complainant.

William C. Vreeland holds the title to the land in question in trust for himself and several others, who are made defendants in the suit. On filing the bill, an injunction was allowed to prevent William C. Vreeland from convey-

ing the property to one Jacob M. Vreeland, to whom, it is alleged, he had entered into an agreement to convey it. The defendants have all answered the bill except Jacob M. Vreeland. William C. Vreeland now moves, upon his answer, to dissolve the injunction.

The answer of William C. Vreeland fully denies the equity of the bill. It denies that any agreement was ever executed between the parties, as alleged in the bill. The answers of the other defendants admit the equity of the bill. They sustain every material allegation of the bill upon which relief is claimed. The defendants are all interested in the subject matter. The interest of the defendants, who admit the equity in the property is much greater than that of William C. Vreeland, and they ask that the agreement may be specifically performed.

It would be contrary to all principle and precedent for the court, under such circumstances, to dissolve the injunction. The motion is denied.